UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| GERARDO LUCIANO TAPIA, | Case No. EDCV 17-01106-ODW (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| J.L. SULLIVAN, Warden, | |
| Respondent. | |

**I. BACKGROUND**

On June 6, 2017, Gerardo Luciano Tapia ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  Petitioner challenges his 57-year sentence resulting from his 2010 convictions for seven counts of

---

[1] On June 27, 2017, the Court granted Petitioner's Request for Leave to Proceed *in Forma Pauperis* after Petitioner submitted a Certified Trust Fund Statement signed by an authorized officer at the prison. See Docket Entry Nos. 5-6.

committing a lewd and lascivious act on a child under age fourteen by force, violence, duress, menace or fear and one count of attempted aggravated sexual assault of a child under age fourteen, in Riverside County Superior Court (Case No. RIF150883).[2] The Petition alleges the following ground for federal habeas relief: Petitioner received an excessive sentence because the trial court sentenced him to consecutive terms, in violation of Cunningham v. California, 549 U.S. 270 (2007)[3]; Petitioner is innocent. (Petition at 6-6(a)).[4]

---

[2] The Court takes judicial notice of the pleadings in Gerardo Luciano Tapia v. Kim Holland, Warden, Case No. EDCV 14-01692-ODW (RNB).

[3] In Cunningham v. California, 549 U.S. at 293, the Supreme Court held that California's Determinate Sentencing Law ("DSL") violated a defendant's Sixth Amendment right to trial by jury "by placing sentence-elevating factfinding within the judge's province." The Supreme Court found that "the middle term [of twelve years] prescribed in California's statutes, not the upper term [of sixteen years], is the relevant statutory maximum," id. at 275, 288-89, and then held that: "[b]ecause circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt, the DSL violates *Apprendi*'s bright-line rule: Except for a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 288-89 (citations omitted).

[4] To the extent that Petitioner is attempting to seek relief from Judgment in Case No. EDCV 14-01692-ODW (RNB) under Rule 60(b)(6), Petitioner has failed to show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (citations omitted); see also Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) ("To receive Rule 60(b)(6) relief, a moving party must show both injury and that circumstances beyond [his or her] control prevented timely action to protect [his or her] interests.").

On August 15, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody by a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenged the same 2010 convictions ("prior habeas action"). See Gerardo Luciano Tapia v. Kim Holland, Warden, Case No. EDCV 14-01692-ODW (RNB)(Docket Entry No. 1). On April 21, 2015, the Court issued an Order and Judgment denying that habeas petition and dismissing the action with prejudice, in accordance with the findings and recommendations of the assigned Magistrate Judge. (Id.; Docket Entry Nos. 25-26). On the same date, the Court denied Petitioner a certificate of appealability. (Id.; Docket Entry No. 24). On April 27, 2017, Petitioner filed a "Motion to Reopen Time for Appeal," which the Court denied on May 8, 2017. (Id.; Docket Entry Nos. 32, 34).

On March 21, 2017, Petitioner filed a "Petition for Writ of Mandate/Prohibition," which the Court construed as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (see Docket Entry No. 3 at 1), in which he challenged the same 2010 convictions. See Gerardo Luciano Tapia v. United States District Court, Central District of California, Case No. EDCV 17-00525-ODW (AS)(Docket Entry No. 1). On March 24, 2017, the Court issued an Order and Judgment dismissing the action without prejudice as an unauthorized second or successive petition. (Id.; Docket Entry Nos. 3-4). On the same date, the Court denied Petitioner a certificate of appealability. (Id.; Docket Entry No. 5). On May 4, 2017, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id.;

Docket Entry No. 8).

//

//

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657(1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 2010 judgment entered by the Riverside County Superior Court. Accordingly, the instant Petition, filed on June 6, 2017, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

To the extent that Petitioner is attempting to allege a claim of actual innocence in an attempt to bypass the successive petition hurdle, see McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this

case, expiration of the statute of limitations), Petitioner has failed to show the actual innocence exception applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, supra (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see House v. Bell, 547 U.S. 518, 538 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner's asserted claim of actual innocence is merely a claim of sentencing error. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006). Moreover, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, 547 U.S. at 521; see

Schlup v. Delo, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin v. Perkins, supra ("We caution, however, that tenable actual-innocence gateway pleas are rare").

Consequently, it does not appear that the actual innocence exception to filing a successive petition would apply, although this is a determination which must be made by the Ninth Circuit Court of Appeals.

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 5, 2017

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE